Filed 1/13/16  P. v. Clausen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051299 |
| v. | (Super. Ct. No. 13WF3215) |
| SCOTT ALLAN CLAUSEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed as modified.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

# I. Introduction

Defendant Scott Allan Clausen appeals from a postjudgment order granting his application under Penal Code section 1170.18 to recall the sentence on his felony conviction and to have the felony redesignated as a misdemeanor. The trial court granted the application under section 1170.18, subdivision (a) (section 1170.18(a)), redesignated Clausen's felony conviction to a misdemeanor, resentenced Clausen to a term of 365 days, and ordered one year of parole under section 1170.18, subdivision (d) (section 1170.18(d)).[1]

Clausen's only contention on appeal is that the trial court erred by not ordering his one year of parole under section 1170.18(d) to commence at the time of his felony sentencing in October 2014. We agree. We conclude the phrase "completion of his or her sentence" in section 1170.18(d) refers to the completion of the period of incarceration imposed when the trial court resentences a defendant pursuant to Penal Code section 1170.18, subdivision (b). In this case, Clausen had completed his 365-day misdemeanor sentence by the date of the original felony sentencing, which was about three months before his misdemeanor resentencing. We therefore affirm the order as modified to reflect that parole commenced on the date of felony sentencing.

# II. Facts and Procedural History

In July 2014, Clausen pleaded guilty to one count of felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) [count 1]), one count of

---

[1] Section 1170.18(d) reads: "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. Such person is subject to Section 3000.08 parole supervision by the Department of Corrections and Rehabilitation and the jurisdiction of the court in the county in which the parolee is released or resides, or in which an alleged violation of supervision has occurred, for the purpose of hearing petitions to revoke parole and impose a term of custody."

2

misdemeanor possession of burglary tools (Pen. Code, § 466 [count 2]), and one count of possession of controlled substance paraphernalia (Health & Saf. Code, former § 11364.1, subd. (a) [count 3]).  On October 15, 2014, the trial court sentenced Clausen to the middle term of two years in prison on count 1 and suspended sentence on counts 2 and 3.  The court awarded Clausen 738 days' credit for time served (369 days' actual + 369 days' conduct).  Because the number of days of credit was greater than the two-year sentence, the trial court found that Clausen had served his prison term and ordered him to report to the parole authority.

In January 2015, Clausen filed an "application to have felonies designated as misdemeanors" (capitalization omitted) under either Penal Code section 1170.18, subdivision (f) (section 1170.18(f)) or section 1170.18(a).  On January 9, 2015, the trial court granted the application and redesignated Clausen's felony conviction as a misdemeanor.  The court resentenced Clausen to 365 days in jail with 365 days of credit, released him, and placed him on parole for one year pursuant to section 1170.18(d).  Clausen timely filed a notice of appeal.

## III.  Discussion

A.  *Proposition 47 and Penal Code Section 1170.18*

Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  Those offenses previously had been designated either as felonies or as crimes that can be punished as either felonies or misdemeanors.

Proposition 47 added, among other things, section 1170.18 to the Penal Code.  Section 1170.18 is a resentencing provision that provides two distinct remedies depending on whether the person seeking relief has completed the sentence for the conviction.  When the person is currently serving the sentence, section 1170.18(a) governs.  It states:  "A person currently serving a sentence for a conviction, whether by

3

trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18(a).)

When the person has completed the sentence, section 1170.18(f) governs. It states: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18(f).)

If the trial court determines the criteria for relief under section 1170.18(a) are satisfied, then the felony sentence is recalled and the person is resentenced to a misdemeanor, unless the trial court determines that resentencing the person would pose an unreasonable risk of danger to public safety. (Pen. Code, § 1170.18, subd. (b).) Significantly here, section 1170.18(d) provides that a person who is resentenced pursuant to Penal Code section 1170.18, subdivision (b) "shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18(d).)

If the trial court determines the criteria for relief under section 1170.18(f) are satisfied, then "the court shall designate the felony offense or offenses as a misdemeanor." (Pen. Code, § 1170.18, subd. (g).) The person obtaining relief under section 1170.18(f) is not resentenced and is not subject to the one-year parole term of section 1170.18(d).

4

B. *Clausen's One-year Parole Commenced at the Time of Felony Sentencing.*

Clausen does not contend the trial court erred by placing him on parole for one year under section 1170.18(d). He contends the one-year parole period should have commenced on October 15, 2014, when the felony sentence was imposed. The Attorney General argues the one-year period of parole commenced on January 9, 2015, when Clausen was resentenced under Penal Code section 1170.18, subdivision (b).

Resolution of this issue turns on the meaning of the word "sentence" in section 1170.18(d). The relevant part of section 1170.18(d) states: "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for *one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (Italics added.)

Penal Code section 1170.18 uses the word "sentence" differently in section 1170.18(a), subdivision (b), and section 1170.18(f) than in section 1170.18(d). In section 1170.18(a), subdivision (b), and section 1170.18(f), the word "sentence" refers to a pre-Proposition 47 *felony* sentence. Section 1170.18(a) applies to a "person currently serving a sentence for a conviction . . . of a *felony or felonies*," subdivision (b) provides for the recall of "the petitioner's *felony* sentence," and section 1170.18(f) applies to a "person who has completed his or her sentence for a conviction . . . of a *felony or felonies*." (Italics added.) In contrast, section 1170.18(d) provides that a "resentenced" person "shall be subject to parole for one year following completion of his or her *sentence*" (italics added), thus referring to the new misdemeanor sentence to which the court has resentenced the person.

We therefore conclude the word "sentence" in section 1170.18(d) refers to the new misdemeanor sentence. As a result, Clausen was subject to parole under section 1170.18(d) for one year following the completion of his new misdemeanor sentence of 365 days in jail imposed when the trial court granted his application under

5

Penal Code section 1170.18. That new misdemeanor sentence had been completed by October 15, 2014, when the trial court imposed the felony sentence on count 1.

### IV. Disposition

The order granting Clausen's application to have his felony conviction designated as a misdemeanor is modified to provide that the one-year period of parole under section 1170.18(d) commenced on October 15, 2014. As modified, the order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

6